CLERK, U.S. DISTRICT COURT
JUL 11 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GENNIRO, | ) NO. SA CV 07-1325-JVS(E) |
| Petitioner, | ) |
| v. | ) MEMORANDUM AND ORDER |
| J. F. SALAZAR, Warden, | ) |
| Respondent. | ) |

PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus" ("Petition") on November 9, 2007, containing five claims for relief. Respondent filed a "Notice of Motion and Motion to Dismiss Petition for Writ of Habeas Corpus" ("Motion to Dismiss") on January 28, 2008, alleging that the Petition is unexhausted. Also on January 28, 2008, Respondent lodged various documents, including Petitioner's petition for review filed in the California Supreme Court on August 15, 2007 in In re Genniro, California Supreme Court case number S155286 (Respondent's Lodgment 7).

On February 19, 2008, Petitioner filed a "Motion to Hold and Stay Exhausted Claims in Abeyance Until the Unexhausted Claims Are Exhausted" ("Motion for a Stay"). In the Motion for a Stay, Petitioner conceded that he had failed to exhaust certain of his claims as of that time, and sought a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005).

On March 21, 2008, Respondent filed an Opposition to the Motion for a Stay. On May 19, 2008, Petitioner filed a letter attaching a copy of two pages of a petition for review Petitioner assertedly filed in the California Supreme Court on May 6, 2008 in In re Genniro, California Supreme Court case number S163339.

Review of the California Supreme Court's website suggested to the Court that Petitioner might have filed two petitions for review in the California Supreme Court subsequent to the petition for review in In re Genniro, California Supreme Court case number S155286. On May 13, 2008, the Court issued a Minute Order requiring Respondent to lodge: (1) Petitioner's petition for review filed in the California Supreme Court on or about February 11, 2008 in In re Genniro, California Supreme Court case number S160773; (2) the California Supreme Court's order denying the petition for review in In re Genniro, California Supreme Court case number S160773; and (3) Petitioner's petition for review filed in the California Supreme Court on or about May 6, 2008 in In re Genniro, case number S163339. On June 4, 2008, Respondent lodged these documents.

///
///

2

On July 3, 2008, Petitioner filed a First Amended Petition containing three claims for relief. In the First Amended Petition, Petitioner asserts that the California Supreme Court denied the petition for review in In re Genniro, case number S163339, on June 25, 2008, and that Petitioner's unexhausted claims allegedly now are exhausted.

**BACKGROUND**

In 1985, a jury found Petitioner guilty of second degree murder (Respondent's Lodgment 1). Petitioner received a sentence of sixteen years to life (Respondent's Lodgment 1). On March 9, 2006, the California Board of Parole Hearings ("BPH") conducted a subsequent parole hearing and found Petitioner unsuitable for parole (First Amended Petition, pp. 3-4; Respondent's Lodgment 2).

Petitioner filed a habeas corpus petition in the Orange County Superior Court, which that court denied in a reasoned order on April 9, 2007 (Respondent's Lodgment 3). Petitioner filed a habeas corpus petition in the California Court of Appeal, which that court denied summarily on July 26, 2007 (Respondent's Lodgments 4, 5). On August 15, 2007, Petitioner filed a petition for review in the California Supreme Court, in In re Genniro, California Supreme Court case number S155286, which that court denied summarily on October 27, 2007 (Respondent's Lodgments 7, 8).

On December 24, 2007, Petitioner filed a petition for habeas corpus in the California Court of Appeal, which the Court of Appeal

denied on January 31, 2008.[1] On February 11, 2008, Petitioner filed a petition for review of that denial in the California Supreme Court, in In re Genniro, California Supreme Court case number S160773, which that court denied summarily on April 9, 2007 (Respondent's Lodgments 9, 10).

Meanwhile, on March 4, 2008, Petitioner filed another habeas corpus petition in the California Court of Appeal, which that court denied on May 1, 2008.[2] On May 6, 2008, Petitioner filed a petition for review of that denial in the California Supreme Court, in In re Genniro, California Supreme Court case number S163339 (Respondent's Lodgments 11, 12). On June 25, 2008, the California Supreme Court denied Petitioner's petition for review in In re Genniro, California Supreme Court case number S163339 without opinion. See In re Genniro,

---

[1] Respondent has not lodged this petition or the Court of Appeal's order denying it. However, the Court takes judicial notice of the docket in In re Genniro, California Court of Appeal, Fourth Appellate District, Division 3, case number G039721, available on the California courts' website at www.courtinfo.ca.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The docket shows the filing dates of the petition and the Court of Appeal's order denying the petition, and reflects the California Supreme Court's subsequent denial of the petition for review on April 9, 2007.

[2] Respondent has not lodged this petition or the Court of Appeal's order denying it. However, the Court takes judicial notice of the docket in In re Genniro, California Court of Appeal, Fourth Appellate District, Division 3, case number G039988, available on the California courts' website at www.courtinfo.ca.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d at 649. The docket shows the filing dates of the petition and the Court of Appeal's order denying the petition, and reflects the filing of a petition for review in the California Supreme Court.

2008 Cal. LEXIS 7855 (Cal. June 25, 2008).[3]

**PETITIONER'S CONTENTIONS**

In the First Amended Petition, Petitioner contends:[4]

1. The BPH allegedly violated Due Process assertedly by focusing exclusively on the facts of Petitioner's commitment offense and by ignoring allegedly positive factors (First Amended Petition, Claim One, p. 8)[5];

3. The BPH panel allegedly was not representative of the community and was not impartial (First Amended Petition, Claim Two, pp. 8-10); and

3. The BPH's denial of parole allegedly was made in bad faith and allegedly was arbitrary and capricious (First Amended Petition, Claim Three, pp. 10-16).

///
///

---

[3] At the time Respondent lodged the petition for review in In re Genniro, California Supreme Court case number S163339, the California Supreme Court had not yet ruled on that petition.

[4] The First Amended Petition designates the claims therein as Claims 1, 3 and 4 (the numbering in the original Petition). The Court has renumbered the claims in the First Amended Petition for clarity.

[5] The First Amended Petition simply incorporates Claim One of the original Petition (see First Amended Petition, p. 8; Petition, Claim One, pp. 99-142).

**DISCUSSION**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. at 844. The exhaustion requirement seeks to avoid "the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Id. at 844-45 (citations, internal brackets and quotations omitted).

State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

///
///

1   In his first petition for review filed in the California Supreme
2   Court, in case number S155286, Petitioner described the "Question
3   Presented for Review" as: "What Threshold Level must a State Life
4   Prisoner/Petitioner meet to show an obvious denial of his Due Process
5   & Vested Liberty Interest in Parole Constitutional Rights?"
6   (Respondent's Lodgment 7, p. 3). In that petition for review,
7   Petitioner generally alleged that the BPH violated Due Process by
8   finding Petitioner unsuitable for parole based on the gravity of the
9   commitment offense, and despite alleged factors assertedly supporting
10  suitability (see Respondent's Lodgment 7, pp. 2, 4-5). However, that
11  petition for review did not contain the other claims alleged in the
12  First Amended Petition.

14  In his next California Supreme Court petition for review filed on
15  February 11, 2008 in In re Genniro, California Supreme Court case
16  number S160773, Petitioner described the "Questions Presented for
17  Review" as:

19  1.  What Factors in the Evidence used by the Board of Parole
20      Hearings could possible [sic] support the Board's findings
21      that to Grant Parole to Petitioner it would Pose an
22      "Unreasonable Risk of Danger to Society,["] and Does Parole
23      Denial on that Basis Abrogate Petitioner's Due Process?

25  2.  Does the Continual Denial of Parole, Based Primarily on
26      the Commitment Offense and Prior Criminal History, factors
27      that are "Immutable" and can NEVER Change, Abrogate
28      Petitioner's Right to Due Process and Liberty Interest on

7

      [sic] Parole when there is <u>NO NEXUX</u> [sic] to substantiate his Current Risk based on his Commitment Offense and Prior Criminal History?

(Respondent's Lodgment 9, p. 5). In that petition, Petitioner argued, <u>inter alia</u>, that the BPH violated Due Process by denying parole allegedly based on the gravity of the commitment offense and by allegedly ignoring assertedly positive factors (Respondent's Lodgment 9, pp. 9-18). Even assuming, <u>arguendo</u>, Petitioner's previous California Supreme Court petition for review in case number S155286 was insufficient to exhaust the Due Process claim alleged in Claim One of the First Amended Petition, the petition for review in case number S160773 sufficiently exhausted that claim. However, the petition for review in case number S160773 did not allege any of the other claims raised in the First Amended Petition.

      In Petitioner's petition for review in <u>In re Genniro</u>, California Supreme Court case number S163339, Petitioner alleged, <u>inter alia</u>, that: (1) the hearing panel allegedly was not representative of the community and allegedly was biased; and (2) the BPH's denial of parole allegedly was made in bad faith and allegedly was arbitrary, capricious and an abuse of discretion (<u>see</u> Respondent's Lodgment 11). Petitioner's Supreme Court petition for review in <u>In re Genniro</u>, California Supreme Court case number S163339 sufficiently exhausted the claims raised in Claims Two and Three of the First Amended Petition.

///
///

**ORDER**

For the foregoing reasons, Respondent's Motion to Dismiss is denied and Petitioner's Motion for a Stay is denied as moot.

IT IS FURTHER ORDERED that, within thirty (30) days of the date of this Order, Respondent shall file an Answer addressing the merits of the claims alleged in the First Amended Petition.  Petitioner may file a Reply within fifteen (15) days of the date the Answer is filed.

DATED: _____7.9_____, 2008.

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented this 8th day of
July, 2008, by:

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE